UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| FIREFLY DIGITAL, INC., | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| VERSUS | ) | MAG. JUDGE |
| | ) | |
| GOOGLE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Firefly Digital, Inc., alleges as follows:

### NATURE OF THE CASE

1.  Plaintiff seeks recovery of monetary damages, penalties and injunctive relief arising from certain acts of Defendant, including infringement of Plaintiff's trademarks and service marks, unfair competition, dilution, injury to business reputation, and unfair trade practices.

### THE PARTIES

2.  Plaintiff, Firefly Digital, Inc. ("Firefly"), is a Louisiana corporation having its principal place of business in the Parish of Lafayette, State of Louisiana.

3.  Upon information and belief, defendant, Google, Inc. ("Google"), is a Delaware corporation having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google is transacting and doing business in this judicial district. Google may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction of this matter upon the following grounds: (a) 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121, as this matter arises, in part, under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq.; (b) 28 U.S.C. § 1338(b), as the claims of unfair competition are joined with substantial and related claims under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq.; (c) 28 U.S.C. § 1367 for the state law claims, as those claims are so related to the federal claims that they form part of the same case or controversy; and (d) 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5.       Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

6.       A website is a collection of web pages that may contain text, images, videos or other digital media.  The website is addressed with a common domain name or IP address in an Internet-Protocol-based network.  A website is hosted on at least one web server that is accessible via a network such as the Internet or a private local area network.

7.       A web page is typically a document written in plain text interspersed with formatting instructions of Hypertext Markup Language (HTML, XHTML). Web pages are accessed and transported with the Hypertext Transfer Protocol (HTTP). The user's application, such as a web browser, displays the page content according to its HTML markup instructions. All publicly accessible websites collectively constitute the World Wide Web.

8.       A widget is a mini-application that is implemented using web-based technologies such as HTML.  Widgets typically contain dynamic content and may take the form of on-screen tools such as clocks, daily weather information, calendars, flight information, and the like.  A

widget can be embedded into third party websites by either the website administrator or by any user on a web page having rights of authorship (e.g., a user's profile on a social media website).

9. Headquartered in Lafayette, Louisiana, Firefly has for eleven years engaged in the business of website design, development, and hosting.

10. Unique to its business and services, Firefly created a proprietary website content management system that enables the company's clients to modify the content of their websites. Firefly has also created proprietary add-on applications for its content management system. Firefly uses the content management system and add-on applications to differentiate itself from other website developers and to promote its business opportunities.

11. Since at least as early as January 7, 2002, Firefly has continuously used the mark WEBSITE GADGET in connection with the advertising, marketing and sale of its content management system as well as the services of installing and configuring the content management system on websites.

12. Firefly has also since at least as early as January 7, 2002, continuously used the mark GADGET in connection with the advertising, marketing and sale of its add-on applications as well as the services of implementing and configuring the add-on applications for the content management system on websites.

13. Firefly obtained and owns U.S. Trademark and Service Mark Registration No. 3,730,874, issued December 29, 2009, for the mark WEBSITE GADGET, a true copy of which is attached as Exhibit "A."

14. Firefly also obtained and owns U.S. Trademark and Service Mark Registration No. 3,711,998, issued November 17, 2009, for the mark GADGET, a true copy of which is attached as Exhibit "B."

15. Firefly also obtained and owns Louisiana trademark registrations for the marks WEBSITE GADGET and GADGET.

16. Firefly's federal registrations are entitled to the statutory benefits conferred by Sections 7(b) and 22 of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1057(b) and 1022, and thus are prima facie evidence of the validity of the registered marks and of Firefly's exclusive right to use them in commerce.

17. As a result of Firefly's continuous and extensive use, advertising, and promotion of its WEBSITE GADGET and GADGET, the marks have each become well and favorably known to the consuming public and the trade as identifying and distinguishing Firefly's goods and services from others.

18. Through the marketing, promotion and sale of its goods and services under the marks WEBSITE GADGET and GADGET for over seven years, Firefly has earned and established an outstanding reputation in the industry and among consumers.

19. Firefly's marks WEBSITE GADGET and GADGET have become a valuable company asset.

## ACTS OF DEFENDANT

20. Google's primary business is the operation of an Internet search engine located at www.google.com through which Internet users can obtain information and shop for goods and services on the World Wide Web.

21. Through "Google Apps", Google markets and licenses on-line applications, including its "Google Sites" website design and development applications also commonly known as Google's content management system.

22. Through "iGoogle," Google permits users to create a personalized Google home page or web portal.

23. Google also makes available "Google Desktop," which is a desktop search software. The program allows text searches of a user's e-mails, computer files, music, photos, chats, Web pages viewed, and the like.

24. Google also operates a program called "Google Gadgets." Through "Google Gadgets," Google provides a directory of widgets that users can add to a web page or to Google's properties such as iGoogle, Google Desktop, or Google Sites, a content management system. Rather than refer to widgets by their common descriptive name, Google calls its widgets "Gadgets."

25. Google created some of the "Gadgets" that populate its "Google Gadgets" directory, but many are created and uploaded by third-parties at the direction and encouragement of Google using "Google Gadgets Editor" and "Gadgets API."

26. Google operates two programs, known as Google Adwords and Google Adsense. These programs work together to form an online advertising platform that effectively matches advertisers (Adwords customers) and publishers selling ad space (Adsense customers). Advertisers create ads, select associated keywords and then publish their ads in Google's advertising platform. Google's platform then generates the ad placements within its search engine, its other properties and throughout its network of participating publishers. Google's Adsense program also encourages and promotes persons ("Publishers") to use Google Gadget Editor and Google API to create widgets and embed Google Adsense ads into such widgets. Google pays Publishers a sum of money based on the number of "clicks" an ad receives. Google receives significant revenue from these programs.

27. Google also directs "Google Gadget Ventures," a program in which Google awards $5,000 grants to users who have built "Gadgets" that Google would like to see further developed. Under the "Google Gadget Ventures" program, Google also awards $100,000 seed investments to developers desiring to build a business around the "Gadgets" platform.

28. Google's use of "Gadgets" is an integral part of Google's product strategy particularly in Google Sites where Google provides a product that competes directly with Firefly's website builder and content management system products. In Google Sites, users are able to embed portable content, e.g., widgets stored on Google Gadgets, into their websites. Similarly, Firefly, under its WEBSITE GADGET, mark provides a website building and content management system, and under its GADGET mark, provides for content portability such as widgets.

29. Google's first use of "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget" occurred after Firefly's first use of its GADGET and WEBSTE GADGET marks.

30. Google's use of "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget" is without Firefly's permission.

31. Google uses "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API," and "Gadget" in interstate commerce in such a manner as to imitate Firefly's registered marks WEBSITE GADGET and GADGET.

32. Google's use of "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget," which terms are confusingly similar to Firefly's registered marks, is likely to cause confusion, mistake, or deception among the trade and the purchasing public as to the source, origin, and sponsorship of Google's business, goods, and

services.  Google has thereby induced purchasers and others to believe—contrary to fact—that Firefly has provided, sponsored, authorized, licensed or approved Google's business, goods, and services, or that such business, goods and services are in some way connected with Firefly.

33. Google's use of "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget" in connection with Google's business, goods and services falsely designates the origin of Google's business, goods and services as Firefly's, and suggests that Google's business, goods and services are in some way connected with, licensed by, authorized by, or approved by Firefly.

34. Google continues to use "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget" to confuse and deceive purchasers and to obtain the acceptance of Google's business, goods and services based on the merit, reputation, and goodwill of Firefly and its high quality goods and services identified by its registered marks.

35. Google's use of "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API" and "Gadget" has created a likelihood of injury to Firefly's business reputation, and the dilution of the distinctive quality of Firefly's famous marks.

36. Upon information and belief, Google's use of "Google Gadgets," "Google Gadget Editor," "Google Gadget Ventures," and "Gadget" is intentional, knowing, and willful and for the purpose of misappropriating Firefly's business and goodwill.

37. Google's acts have caused and are continuing to cause irreparable injury to Firefly, for which Firefly has no adequate remedy at law, and Google will continue to do so unless enjoined by this Court.

## COUNT I

## FEDERAL SERVICE MARK INFRINGEMENT

38. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

39. Google's acts as described above constitute intentional infringement of Firefly's federally registered marks in violation of 15 U.S.C. § 1114.

## COUNT II

## FEDERAL UNFAIR COMPETITION

40. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

41. Google's acts as described above constitute the intentional use of a false designation of origin, false description, and/or false representation in violation of 15 U.S.C. § 1125(a).

## COUNT III

## FEDERAL DILUTION OF MARKS.

42. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

43. Google's acts as described above constitute intentional dilution of the distinctive quality of Firefly's famous registered marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV

## STATE SERVICE MARK INFRINGEMENT

44. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

45. Google's acts as described above constitute intentional infringement of Firefly's registered marks in violation of La. R.S. 51:222.

## COUNT V

## STATE DILUTION

46. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

47. Google's acts as described above have created a likelihood of injury to Firefly's business reputation and/or dilution of the distinctive quality of Firefly's marks in violation of La. 51:223.1.

## COUNT VI

## STATE UNFAIR TRADE PRACTICES

48. Firefly adopts, realleges, and incorporates by reference all of the allegations contained in all of the preceding paragraphs of this Complaint.

49. Google's acts as described above constitute an unfair method of competition and unfair and deceptive acts in violation of La. R.S. 51:1405.

## JURY DEMAND

50. Firefly demands a trial by jury of all issues so triable herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Firefly Digital, Inc., prays for judgment in its favor and against defendant, Google, Inc., as follows:

1. An award of monetary damages, including recovery of Google's profits and the damages sustained by Firefly, arising from the acts of Google complained of herein;

2. An award of trebled monetary damages and recovery of Firefly's costs and

attorney's fees associated with this action;

3. Injunctive relief against Google, its directors, officers, agents, servants, employees, legal representatives, attorneys, successors, and assigns, and all those in active concert or participation therewith, prohibiting them from:

(a) Any further use of the terms "Google Gadgets," "Google Gadgets Editor," "Google Gadget Ventures," "Gadgets API," "Gadget" in association with website development and/or customization, including widget development and promotion, or any other word, symbol, design, term, and mark which is a colorable imitation of or confusingly similar to Firefly's marks WEBSITE GADGET and GADGET;

(b) Otherwise infringing Firefly's marks WEBSITE GADGET and GADGET;

(c) Falsely designating the origin of and falsely describing and representing Google's business, goods and services as originating from, or being related to, affiliated with, or sponsored or approved by Firefly; and from engaging in conduct tending to create such false designations, descriptions, and representations; and from any other conduct which tends to associate Google with Firefly in any way or pass off Google's business, goods and services as those of Firefly; and

(d) Engaging in unfair competition with Firefly, diluting the distinctiveness of Firefly's marks WEBSITE GADGET and GADGET, and injuring Firefly's business reputation in any manner.

4. Such additional or alternative relief, at law or in equity, which the Court may deem to be just and proper.

Respectfully submitted,

/s/   *Robert L. Waddell*
ROBERT L. WADDELL (#23586) T.A.
BLAIR B. SUIRE (#32708)
Jones. Walker, Waechter, Poitevent,
   Carrère & Denègre, LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Telephone:   (337) 262-9000
Facsimile:   (337) 262-9001

Attorneys for Plaintiff,
Firefly Digital, Inc.